## SLATER *vs.* WILCOX.

Opinions can only be given by witnesses who are possessed of skill or science, upon the subject on which their opinions are asked.

The degree of skill and science possessed is a question of law, for the court to determine, and which, in the appellate court, can be reviewed.

A liberal rule should be applied in regard to evidence concerning diseases in animals; it being rare that persons can be found who make the treatment of diseases in domestic animals a distinct profession, or attain to great skill or science therein.

The best skill and science that can be expected—all that can be practically admitted, in such cases—is the evidence of persons who have had much experience, and have been for years made acquainted with such diseases, and their treatment. They may give their opinions upon such experience, and on statements of fact upon which their opinions are based, as *some* evidence, to be considered and weighed.

Where, in an action to recover damages for a breach of warranty, in the sale of a cow, a witness, after stating that he had owned cows that had the horn distemper, and had doctored them, was asked "how does the horn distemper affect a cow?" *Held* that although the form of the question might be deemed to call for an opinion, yet that an answer stating the witness's experience in such cases, being as to a matter of fact, was admissible, not as an opinion, but as a fact.

THIS action arose in a justice's court. It was for breach of warranty in the sale of a cow, and was tried before the justice, without a jury, and judgment rendered for the defendant. There was an appeal to the county court of Otsego county, the judgment affirmed in the county court, and appeal to this court.

*Albert Hardy,* for the plaintiff.

*Card & Brooks,* for the defendant.

*By the Court,* POTTER, J. The only questions to be examined in this case are the decisions of the justice in admitting, or in excluding, evidence of witnesses on the trial. One issue in the case, and perhaps the only material issue, was, whether or not there was a warranty on the sale of the cow in question. On this issue the evidence was con-

Slater *v.* Wilcox.

flicting, and the judgment could not be disturbed, if there was no improper ruling, in the rejection, or in the reception of evidence.

The cow in question was purchased on the 3d of April, was delivered on the 6th, and died on the 20th of the same month, confessedly of the horn distemper; so that another important issue was, even if the cow was warranted, whether she was not sound when sold, on the 3d of April. The characteristics of the horn distemper were important to be proved upon this issue, and witnesses were introduced upon both sides, whose opinions were received, or rejected, by the justice, which rulings form the subject of complaint.

The first objection arises upon the testimony of *Amos F. Waters*, a witness for the plaintiff, who testified as follows: "I live neighbor to the plaintiff; I saw this cow the next morning, after he drove her home; I am a farmer; have taken care of cattle and horses ever since I was a boy; have seen cattle that had the horn distemper; I saw the cow in Slater's stable; she was a sick cow; I put my hands on her horns and found they were cold ; her eyes looked bad and her hair looked bad.

Q. In your opinion, what was the difficulty with this cow ?

Objection; because the witness had not shown himself competent to give an opinion. Objection sustained.

I am sixty years old; I have taken care of cattle from my boyhood; have owned cows; sometimes ten or twelve; have twenty-seven head of cattle this winter; have been doing business for myself since I was twenty-one.

Q. What, in your opinion, was the difficulty with this cow ?

The same objection as to same question above, and objection sustained.

I know what ailed that cow.

Q. What?

Objection as above, and objection sustained,

I saw her after she died; her head was all rotten, and her horns were entirely hollow."

It is immaterial to inquire whether or not this ruling was right, as the inquiry was only as to what disease the animal had; a question about which there was no dispute; no injury resulted from the exclusion of his opinion; the facts that he saw, he was permitted to state.

The next objection arises upon the testimony of *Russel Waters*, a witness for the plaintiff, who testified that he saw the cow about five days after the plaintiff had her; " he called me to see her; I saw that she was a sick cow; I have doctored cattle some; have doctored cattle that have had the horn distemper; am acquainted with the disease.

Q. In your opinion, what was the difficulty with this cow?

Objected to, because the witness had not shown himself competent to give an opinion. Objection overruled.

A. She had the horn ail, the worst kind.

Q. In your opinion, could this disease have had its origin in this cow within eight days?

Objected to, as incompetent and improper, and objection overruled.

A. I think not."

Cross-examined: "I am a farmer; I have read some on the subject; have read the 'Horse Farrier's Book;' I don't know what the cause of the horn distemper is; it originates in the horn; I can't tell how many bones there are in a cow's head."

The defendant *Wilcox* was sworn, and testified: "I have had cows that had the horn distemper; I have doctored my cows.

Q. How does the horn distemper affect a cow?

Objection: That witness has not shown himself competent to give an opinion. Objection overruled.

Slater *v.* Wilcox.

A. I have had it come in twelve hours; at night give their usual mess, and in the morning they wouldn't give any milk to speak of, and appear very stiff in their joints."

*Raymond N. Saxton,* called as a witness by the defendant, testified as follows: "I have frequently had occasion to doctor cows for myself and others; have seen some cows with this horn distemper.

Q. Is it a disease that comes upon a cow slowly, or all at once?

Objection: Witness has not shown himself competent to give an opinion. Objection overruled.

A. I have had two cows that had the disease; where I would milk them in the morning and they gave their usual mess, and at night would be dried up, horns cold, and you would see she was sick.

Q. With proper care, is it a dangerous disease?

Objected to as immaterial, and as last above. Objection overruled.

A. I never lost one; they die with it sometimes.

Q. Is it a disease that yields readily to prompt treatment if taken in time?

Objected to as last above, and objection overruled.

A. It does, if taken in time."

Cross-examined: "I have given cows tanzy tea; I know my cows had the horn distemper."

Re-direct: "After we knew they were sick, their horns were hollow in twenty-four hours."

*Grant Perry,* next called as a witness by defendant, testified as follows: "I saw the cow in question on the day of the sale; I looked her over some, with a view of buying her. She looked like a rugged cow. I thought she looked as rugged as any cow he had in the yard; I examined her bag; I have seen cases of horn distemper; I saw nothing about this cow to indicate that she was diseased; I have seen cows with this disease; I don't know as I am acquainted with the symptoms."

Q. Is it a disease that comes upon them suddenly?

Objected to, as immaterial, and because witness had not shown himself competent. Objection sustained.

"I have known of cows being suddenly attacked with this disease." The defendant offered to show by the witness, from facts within his knowledge, that the disease is one which attacks a cow suddenly, *so that she will die in a few hours.* The plaintiff asked that the evidence, if taken, be taken subject to the same objections as last above stated, and the witness was allowed to testify: "I have known, from facts within my own knowledge, that this disease sometimes attacks a cow suddenly; I have known cows apparently well, to be very sick within twelve hours."

Cross-examined: "I base the evidence I have given on one severe case I had. I can't tell whether all cows are taken alike; I don't know how long my cow had had the horn distemper."

This includes all the rulings complained of, and each ruling will require a separate examination.

It must be conceded that opinions can be given only, by witnesses who are possessed of skill or science, upon the subject upon which their opinions are asked. The degree of skill and science possessed, is a question of law, for the court to determine, and which can be reviewed in the appellate court. A liberal rule must be applied, in regard to evidence as to diseases in animals, as it is rare that persons are found who make the treatment of diseases in domestic animals a distinct profession, or attain to great skill or science therein. The best skill and science that can be expected—all that can be practically admitted in such cases—will be the evidence of persons who have had much experience, and have been for years made acquainted with such diseases, and with their treatment. They may give their opinions, upon such experience, and on statements of fact upon which their opinions are based, as some evidence to be considered and weighed. The

Slater *v.* Wilcox.

evidence of such witnesses may be slight and weak, but is the evidence of some experience and judgment, which may not be entirely excluded. Within this rule, I think the evidence of Russell Waters was admissible for consideration of the court.

The evidence of the defendant Wilcox, I think, may be admitted, not as an opinion, but as a fact. It is possible that the form of the question put to him, and which was objected to, might be deemed to call for an opinion; but the answer being an answer of fact, which seems to be proper evidence, does not constitute an error. No legal error can be alleged, as to that.

The same may be said in relation to the testimony of both the witnesses, Raymond N. Saxton and Grant Perry. The questions propounded would seem to border upon calling for opinions; but the answers were, I think, only such facts as a witness, unskilled and without professional science, with experience in facts relating to disease, might give. The strict line, between evidence to be admitted, and evidence to be excluded, in such cases, is a very nice one. Upon the whole, I do not see sufficient error to authorize a reversal.

The judgment should be affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, October 4, 1870. *Miller*, P. J., and *Potter* and *Parker*, Justices.]